IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TYSHAWN COLE, | § | |
|     PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-1239-N-BK |
| | § | |
| OFFICE OF THE CLERK, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this case should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I.   BACKGROUND**

On May 28, 2021, *pro se* Plaintiff Tyshawn Cole, an Illinois resident, filed a complaint against the Office of the Clerk at the "U.S. Capitol, Room H154, Washington, D.C." and in Columbus, Ohio. Doc. 3 at 2. The complaint is unsigned and largely incoherent, asserting *in toto*: "violation of a nearly all my foden extra to what I need to have planned accordingly. Trade fedility towards fonden extra & tregatrega." Doc. 3 at 4 (misspelling and grammatical errors in original). Cole fails to present a cognizable claim and to the extent there are any, his factual contentions appear irrational and delusional. As such, this action should be dismissed as frivolous.

## II. ANALYSIS

Because Cole did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. As such, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides inter alia for the *sua sponte* dismissal of a complaint if the Court finds that it is frivolous or malicious. A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Cole has failed to state a cognizable legal claim or anything that can be construed as such. Moreover, as best the Court can decipher, any factual contentions asserted are irrational and incredible and fail to support any legal claim, *see Denton*, 504 U.S. at 33. Consequently, Cole's complaint should be dismissed with prejudice as factually and legally frivolous.

## III. LEAVE TO AMEND

Generally "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'"

*Id.* Here, the Court concludes that Cole's claims wholly lack a rational basis. Moreover, based on the most deferential review of his complaint, it is unlikely that even if given the opportunity, Cole could allege cogent and viable legal claims. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. SANCTION WARNING

This is Cole's seventh case in less than two years, and the previous six were all dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e).[1] As such, Cole should be warned that if he persists in filing frivolous or baseless cases, or cases that fail to state a claim, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1) (providing for sanctions against *pro se* litigants or attorneys). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

---

[1] A review of PACER reflects that in 2019, Cole filed six cases that were dismissed as frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e). *See Cole v. Grizzly*, No. 2:2019cv02084 (C.D. Ill. May 8, 2019); *Cole v. Riverside Hospital*, No. 2:2019cv02121 (C.D. Ill. May 8, 2019); *Cole v. IRS*, No. 2:2019cv02043 (C.D. Ill. Sep. 10, 2019); *Cole v. ICE Building, et al.*, No. 2:2019cv02122 (C.D. Ill. May 8, 2019); *Cole v. Pritzer*, No. 1:2019cv00663 (S.D. Ohio Sep. 25, 2019); *Cole v. Tee Grizzly, et al.*, No. 1:2019cv00607 (S.D. Ohio Jan. 8, 2020).

## V. CONCLUSION

For the foregoing reasons, Cole's action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

In addition, Cole should be **WARNED** that if he persists in filing frivolous or baseless actions, or cases in which he fails to state a claim, the Court may impose monetary sanctions and/or bar him from filing any future lawsuits (with or without payment of the filing fees), unless he first obtains the permission of the Court to do so.

**SO RECOMMENDED** on June 8, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).